22696

Loretta Rose LOLLIS, Respondent v. Walter Lloyd LOLLIS and Rachel Eugenia Lollis, Executrix of the Estate of S. B. Lollis, Appellants.

(354 S. E. (2d) 559)

Supreme Court

*Harold R. Lowery* and *William C. Hood*, Anderson, *for appellants.*

*Jack F. McIntosh*, Anderson, *for respondent.*

Heard March 10, 1987.

Decided April 6, 1987.

GREGORY, Judge:

Respondent Loretta Lollis brought this action to impress a trust on real property allegedly purchased with her funds and conveyed by her former husband, appellant Walter Lollis, to his father, appellant S. B. Lollis. After a trial without a jury, the Circuit Court ordered that the property be sold and Loretta be paid $5,800 plus interest from the proceeds. We reverse.

Loretta married for the first time when she was fourteen years old. After her first husband was killed in an accident, she married Walter. While married to Walter, Loretta received $10,000 in settlement of a claim for her first husband's wrongful death. Walter's mother Eugenia ·was appointed Loretta's guardian to manage these funds. While Eugenia was guardian, the funds remained undepleted. At the age of twenty, Loretta signed a written consent terminating Eugenia's guardianship and acknowledging receipt of over $9,000 from the estate.

The record indicates that after termination of Eugenia's guardianship, a withdrawal was made from the estate bank account for $8,146.25. A bank check in the same amount was issued payable to Eugenia and S. B. Lollis on the same date. This check was endorsed and deposited in an account owned by them. The property in question was purchased the next day with S. B.'s personal check for $5,600 representing the balance of the $5,800 purchase price.

After the parties divorced, Loretta commenced this action to impress a trust on the property. At trial, she denied that

she had received the money from the estate. She claimed that S. B. used $5,800 of her money to purchase the property and that he executed the deed in her husband Walter's name. She alleged the property was later conveyed from Walter to S. B. for Loretta's "security" while Walter served time in jail.

S. B., on the other hand, testified that he received the check for $8,146.25 from Walter and Loretta in repayment for loans he made to them during their marriage that totaled over $10,000. He claimed he purchased the property as a gift for them and its subsequent conveyance to him from Walter was in exchange for another loan of $6,500. S. B. was never repaid for this loan. Walter corroborated this testimony and added that Loretta had agreed to give the $8,146.25 to his father in repayment of their past loans.

The Circuit Court found the property was purchased with Loretta's funds for her benefit and impressed a trust in the amount of the purchase price. Appellants contend there is insufficient evidence to support the imposition of a resulting trust or a constructive trust and that an express trust could not be proved by parol evidence.

While trusts arising by operation of law, i.e. resulting trusts and constructive trusts, may be proved by parol evidence, an express trust may not. *Whitmire v. Adams*, 273 S. C. 453, 257 S. E. (2d) 160 (1979); *Privett v. Garrison*, 235 S. C. 119, 110 S. E. (2d) 17 (1959). Under S. C. Code Ann. § 21-27-10 (1976), an express trust must be manifested and proved by some writing signed by the party declaring the trust. Because there is no writing in this case, the property could not be subject to an express trust.

Appellants further agree that Loretta failed in establishing entitlement to a resulting trust because she did not rebut the presumption of a gift to her husband Walter. The general rule is that when real estate is conveyed to one person and the consideration is paid by another, it is presumed that the party who pays the purchase money intended a benefit to himself and a resulting trust is raised in his behalf. *Green v. Green*, 237 S. C. 424, 117 S. E. (2d) 583 (1961); *Caulk v. Caulk*, 211 S. C. 57, 43 S. E. (2d) 600 (1947). When the conveyance is made to a wife or child, no such presumption arises; on the contrary, the presumption is that

the purchase was a gift to the wife or child. *Stevens v. Stevens*, 244 S. C. 113, 135 S. E. (2d) 725 (1964); *Green, supra; Caulk, supra.* The presumption of a gift may be rebutted by parol evidence or circumstances showing a contrary intention. *Id.*

In this case, the purchase money was advanced by the wife and title taken in the husband's name. Courts which have addressed the issue are divided as to whether the presumption of a gift arises in such a case. *See* G. Bogert, *The Law of Trusts and Trustees* § 460 (rev. 2d ed. 1977); 5 A. Scott, *The Law of Trusts* § 442 (3d ed. 1967). This Court has not heretofore decided the question. *See Legendre v. South Carolina Tax Comm'n*, 215 S. C. 514, 56 S. E. (2d) 336 (1949).

We are persuaded by the reasoning of the North Carolina Supreme Court in *Mims v. Mims*, 305 N. C. 41, 286 S. E. (2d) 779 (1982), in which that court overruled earlier cases and held the presumption of gift applies whether the husband or wife receives title to the property. The court noted that the original rationale for the distinction evolved from a society in which the wife depended solely upon the husband for support and that this distinction is no longer valid. We now hold the presumption of a gift attaches in cases where the wife provides the purchase money and the husband takes title.

We agree with appellants that Loretta failed to rebut the presumption of a gift to Walter. She therefore could not have a resulting trust imposed on the property.

Finally, appellants argue the evidence was insufficient to impose a constructive trust. A constructive trust will arise whenever the circumstances under which property was acquired make it inequitable that it should be retained by the one holding the legal title. *Wolfe v. Wolfe*, 215 S. C. 530, 56 S. E. (2d) 343 (1949); *Dominick v. Rhodes*, 202 S. C. 139, 24 S. E. (2d) 168 (1943); *Bank of Williston v. Alderman*, 106 S. C. 386, 91 S. E. 296 (1917). A constructive trust results from fraud, bad faith, abuse of confidence, or violation of a fiduciary duty which gives rise to an obligation in equity to make restitution. *Searson v. Webb*, 208 S. C. 453, 38 S. E. (2d) 654 (1946). Fraud is an essential element, although it need not be actual fraud.

*Whitmire, supra; Wolfe, supra; Dominick, supra.*

An action to declare a constructive trust is in equity, *Bank of Williston, supra,* and this Court finds facts in accordance with its own view of the evidence. *Gray v. South Carolina Pub. Serv. Auth.,* 284 S. C. 397, 325 S. E. (2d) 547 (1985); *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976). In order to establish a constructive trust, the evidence must be clear, definite, and unequivocal. *Whitmire v. Adams, supra; Ramantanin v. Poulos,* 240 S. C. 13, 124 S. E. (2d) 611 (1962). In our view of the evidence, Loretta failed to show fraud, wrongdoing, or abuse of a confidential relationship. *See Faulkner v. Faulkner,* 257 S. C. 172, 184 S. E. (2d) 718 (1971); *All v. Prillaman,* 200 S. C. 279, 20 S. E. (2d) 741 (1942).

Because the evidence was insufficient to support the imposition of an express, resulting, or constructive trust, the order of the circuit judge is

Reversed.

NESS, C. J., and HARWELL, FINNEY, JJ., and Acting Associate Justice BRUCE LITTLEJOHN, concur.