1417

David W. CAMPBELL, Respondent v. William E. CAMPBELL and Dorothy W. Campbell, Appellants.

(386 S. E. (2d) 305)

Court of Appeals

*Robert L. Buchanan, Jr.,* of *Williams, Johnson, Buchanan & Beasley,* Aiken, *for appellants.*

*Henry Summerall, Jr.,* of *Summerall & Bailey,* Aiken, *for respondent.*

Heard Oct. 18, 1989.

Decided Nov. 13, 1989.

CURETON, Judge:

This case involves a resulting trust. The parties are relatives and the matter in dispute is a house and lot in Aiken County. The lower court found the existence of a resulting trust and held David Campbell was the owner of an un-

divided eighty percent interest in the property. He was given the right to pay William and Dorothy Campbell for their twenty percent interest. William and Dorothy campbell have appealed the finding of a resulting trust and, in the alternative, the finding of the amount of their interest. We affirm.

David Campbell is the uncle of William Campbell. David was married to Louise Campbell until her death in 1981. William Campbell is married to Dorothy Campbell. The dispute concerns a small house and lot. In 1979 this property was deeded by its owner to William and Dorothy Campbell in fee simple. The consideration was $7500. A down payment of $2000 was made and a loan was obtained. William and Dorothy signed a mortgage to secure the loan. In mid-1980 a deed was prepared which gave a life estate in the property to David and Louise Campbell with a remainder interest to William and Dorothy Campbell. The mortgage has since been satisfied.

The parties agree the purpose of obtaining the house was to give David and Louise a place to live. They had never owned a house. Both were advanced in age and did not have a great deal of formal education. Although the parties agree the purpose was to provide a home for David and Louise, they disagree about the extent of the estate they were to receive. David Campbell testified the agreement was that he and Louise were to make all the pyaments on the house and take care of the taxes and insurance. If they lived long enough to pay the mortgage William and Dorothy would transfer full title to the house to them. On the other hand, William and Dorothy testified the agreement was that David and Louise were to make all the payments and pay the taxes and insurance but the only interest they would receive would be a life estate because they did not have any children and agreed the property should belong to William and Dorothy after their deaths. David and Louise Campbell made all of the monthly mortgage payments except for two. They also paid the yearly insurance premiums except for two years. William and Dorothy paid these mortgage and insurance payments for a total of approximately $540.

After hearing the testimony the court found that David and Louise paid $1000 of the down payment and William and

Dorothy paid the other $1000. William and Dorothy arranged for a loan for the remainder of the purchase price because David and Louise could not get one. David and Louise made the monthly payments except as noted above. The judge concluded the testimony of William and Dorothy concerning the life estate was "unreasonable, highly unlikely and simply not credible." The court concluded David Campbell had proven a resulting trust. He determined the fair market value of the property was $16,700 and William and Dorothy had a twenty percent interest in the property by virtue of the partial down payment and certain other contributions they made over the years. The judge gave David Campbell the right to purchase the twenty percent interest. David Campbell does not appeal the value of the property or the percentage interest of William and Dorothy.

The parties agree this is an equitable matter. As such this court may take its own view of the evidence but it is not required to disregard the findings of the trial court. *See Lollis v. Lollis*, 291 S. C. 525, 354 S. E. (2d) 559 (1987).

William and Dorothy Campbell argue the court erred in finding a resulting trust because the evidence establishes only an agreement to convey a life estate to David and Louise Campbell and not fee simple title. They rely upon the 1980 deed and the fact David and Louise did not challenge this deed for a number of years. By explanation, David Campbell testified the 1980 deed was prepared because William and Dorothy represented that David and Louise needed protection in case anything happened to William and Dorothy before the mortgage was paid. The dispute over the 1980 deed only arose after the mortgage was paid and William refused to transfer fee simple title to David.

After a review of the evidence we concur with the finding of the trial court on a resulting trust. Resulting trusts arise by operation of law and may be proved by parol evidence. The general rule is that when real estate is conveyed to one person and the consideration is paid by another it is presumed the person who pays the purchase money intended a benefit to himself and a resulting trust is raised in his behalf. *Lollis v. Lollis*, 291 S. C. 525, 354 S. E. (2d) 559 (1987). David and Louise Campbell agreed

at the time the property was purchased to repay the loan made by William and Dorothy. Along with their initial contribution to the down payment, this agreement supports the conclusion that at the time the property was purchased David and Louise paid for, or obligated themselves to pay for most of the purchase price of the property, thus, creating a resulting trust to the extent they paid or obligated themselves to pay for the property. *Green v. Green*, 237 S. C. 424, 117 S. E. (2d) 583 (1960). The situation here involved equates to a loan from William and Dorothy Campbell to David and Louise Campbell to pay a portion of the purchase price. "Where a transfer of property is made to one person and the purchase price is advanced by him as a loan to another, a resulting trust arises in favor of the latter, but the transferee can hold the property as security for the loan." *Restatement (Second) of Trusts* Section 448 (1957); *see Grubb v. Delathauwer*, 274 Pa. Super. 511, 418 A. (2d) 523 (1980); *Wolf v. Wolf*, 356 Pa. Super. 365, 514 A. (2d) 901 (1986).

William and Dorothy Campbell alternatively assert they are entitled to a fifty percent interest in the property as opposed to a twenty percent interest. We reject that argument. The Trial court adequately evaluated their contributions and awarded them a twenty percent interest in the property valued at $3,340 based upon the fair market value of the property. Considering their monetary contribution of $1540 they received more than their proportionate interest in the property.[1] Their argument of a risk/benefit analysis is not appropriate given the satisfaction of the mortgage.

William and Dorothy Campbell also argue the theories of waiver and estoppel. The trial court did not rule on these issues in its written order. Since the trial court did not rule on these issues there is nothing for this court to review. *Talley v. South Carolina Higher Education Tuition Grants Committee*, 289 S. C. 483, 347 S. E. (2d) 99 (1986) (issue not ruled upon by trial judge is not preserved for appeal).

---

[1] As we calculate William and Dorothy's interest, the $1,000 down payment paid by them entitled them to an approximate 13% interest in the property ($1,000 is 13.33% of $7,500), plus $540.00 reimbursement for mortgage and insurance payments.

The decision of the trial court is

Affirmed.

SHAW and BELL, JJ., concur.