1569

GOLDOME REALTY CREDIT CORP., Respondent v. CONWAY HOTEL PROPERTIES, INC., Borg-Warner Leasing, a Division of Borg-Warner Acceptance Corporation, Himmelsbach, Wilson & Hearl, Inc., WCI Investments Limited Partnership, O.C. Belle, Inc., Resort Publications Limited, Sunny Day Magazines, Dynacolor Graphics, Inc., Horry County and South Carolina Public Service Authority, of whom Borg-Warner Leasing, a Division of Borg-Warner Acceptance Corporation is, Appellant. Appeal of BORG-WARNER LEASING, a DIVISION OF BORG-WARNER ACCEPTANCE CORPORATION.

(399 S.E. (2d) 442)

Court of Appeals

---

*Louis D. Nettles* of *Nettles & Nettles,* Florence, and *Timothy G. Sellers* of *DeLaney & Sellers,* Charlotte, N.C., *for appellant.*

*Henrietta U. Golding* and *John Ed Copeland* of *Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers,* Myrtle Beach, *for respondent.*

Heard Sept. 18, 1990.

Decided Nov. 26, 1990.

BELL, Judge:

This is a foreclosure action in which two parties claim opposing interests in furnishings and equipment located in a hotel owned by Conway Hotel Properties, Inc. Goldome Realty Credit Corporation initiated the proceedings, seeking enforcement of its rights under a first mortgage covering, among other things, furniture, equipment, and all other articles of personalty to be used in connection with the hotel, whether then on the premises or thereafter acquired. Borg-Warner Leasing answered Goldome's complaint and cross claimed against Hotel to foreclose its second mortgage and take possession of personal property it contends it leased to Hotel. The special referee found, with limited exceptions, that Borg-Warner had not proved ownership of the allegedly leased property and, therefore, ordered it sold in favor of Goldome at a foreclosure sale. Borg-Warner appeals. We affirm.

Borg-Warner asserts two basic arguments: (1) the personalty at issue is not subject to foreclosure because it is owned by Borg-Warner and is merely in Hotel's possession pursuant to lease; and (2) if Borg-Warner is a lender instead of a lessor, it is a purchase money lender and, therefore, has priority over Goldome.

## I.

Borg-Warner's first argument must fail. While the lease on its face seems to establish a lessor/lessee relationship one may not grant an interest one himself does

not possess. Thus, Borg-Warner must prove not only the existence of a written lease, but also title to the property it purported to lease. Since this is an equity matter we may take our own view of the evidence, but we are not required to disregard the findings of the special referee. *Campbell v. Campbell*, 300 S.C. 68, 70, 386 S.E. (2d) 305, 306 (Ct. App. 1989). We view the evidence as falling far short of establishing Borg-Warner's ownership.[1]

We regard as conclusive Borg-Warner's admission in its answer and cross claim that "Conway Hotel . . . is the record owner of the property described in the [Borg-Warner] mortgage. . . ." The property described in that mortgage includes all equipment and furnishings used in connection with the hotel.

## II.

Borg-Warner's second argument—that if it is a lender it is a purchase money lender with priority over Goldome—also fails.

Section 36-9-107, Code of Laws of South Carolina, 1976, as amended, provides:

> A security interest is a "purchase money security interest" to the extent that it is . . . (b) taken by a person who by making advances or incurring an obligation gives value to enable the debtor to acquire rights in or the use of collateral *if such value is in fact so used.* [Emphasis added.]

If we assume that Borg-Warner's money was used to purchase the disputed personalty, it still does not have a purchase money security interest sufficient to defeat Goldome's competing security interest. The version of the applicable statute in effect at the time,[2] gave priority to a purchase money security interest in collateral other than inventory only if it was

---

[1] The special referee found Borg-Warner had proved ownership of a telephone system and personalty listed on three of the many invoices introduced into evidence. Accordingly, he found the telephone system and the items on the three invoices subject to the lease. Neither party has appealed this finding and our opinion does not affect the telephone system or the personal property listed on those three invoices.

[2] S.C. Code Ann. § 36-9-312(4) (Supp. 1983).

perfected by the time the debtor received possession of the collateral or within twenty days thereafter.[3]

Borg-Warner claims it perfected by filing a financing statement with the Secretary of State on July 9, 1984. It asserts Hotel did not receive possession of the equipment and furniture until August 31, 1984. Therefore, Borg-Warner contends it has a properly perfected security interest which gives it priority over Goldome. The evidence shows otherwise.

The only evidence on which Borg-Warner bases its argument that Hotel did not receive the collateral until August 31, 1984, is its own preprinted acknowledgment signed by Hotel's president. The form contains a blank in which the purported date of receipt is written in as "8/31/84." The reliability of this form is highly suspect, however, since the signature is dated "8/4/84," twenty-seven days before the date on which Hotel said it received the collateral. Furthermore, the form is directly contradicted by Hotel's president, who testified that the hotel was complete and rooms were being rented to the public in May of 1984.

This sworn testimony of Hotel's president is more reliable than the form. It is also consistent with the testimony of another witness, an inspector for Goldome, who read from a letter in his file dated April 9, 1984, that each of the rental units in the hotel had been completed "including . . . fixtures and furnishings." Accordingly, we find, as did the special referee, that Hotel had possession of the equipment and furniture in May, 1984. We hold, therefore, that Borg-Warner's security interest is subordinate to Goldome's.

For the reasons stated, the judgment of the special referee is

Affirmed.

SHAW and CURETON, JJ., concur.

---

[3] This section has since been changed to reduce the filing grade period from twenty to ten days after the debtor takes possession of the collateral. S.C. Code Ann. § 36-9-312(4) (Supp. 1989).