562 S.E.2d 674

**Betty Jeanne JOCOY, Respondent,**

v.

**Nancy Hess JOCOY and William Gregg Jocoy, Defendants,**

**Of whom Nancy Hess Jocoy is, Appellant.**

**No. 3473.**

Court of Appeals of South Carolina.

Submitted Feb. 4, 2002.

Decided April 1, 2002.

Rehearing Denied May 15, 2002.

442

Douglas F. Gay, of Gay & Walters, of Rock Hill, for appellant.

Thomas B. Roper, of Rock Hill, for respondent.

HEARN, C.J.

Betty Jocoy (Mrs. Jocoy) purchased a home but titled it in her daughter-in-law Nancy's name. After being forced to leave the home, Mrs. Jocoy brought this action seeking to establish a resulting trust in the property. The master-in-equity found that a resulting trust was created and granted title to Mrs. Jocoy. Nancy appeals arguing the master erred in not finding Mrs. Jocoy had given her the property. We affirm.[1]

## FACTS

In 1992, Mrs. Jocoy suffered a stroke that left her partially paralyzed and unable to speak but did not affect her mental abilities. In 1994 after living with a series of relatives, she began discussing with her son, William Jocoy, and her daughter-in-law the possibility of her purchasing a home and William's family caring for her there until her death. Mrs. Jocoy desired this arrangement to avoid living in a nursing home.

Mrs. Jocoy and Nancy agreed that Mrs. Jocoy would pay for the home but title would be in Nancy's name.[2] The family selected and purchased a home, and Mrs. Jocoy and William's family resided there until 1997 when William and Nancy separated and William moved out of the home. That fall,

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

2. Initially, Mrs. Jocoy wanted to leave the home to William and Nancy in her will. Nancy balked at this idea because she feared that Mrs. Jocoy might change her will and leave the property to someone else. Mrs. Jocoy titled the home in Nancy's name to avoid claims by her son's creditors.

Nancy was diagnosed with cancer which rendered her unable to care for Mrs. Jocoy. As a result, William placed Mrs. Jocoy in a nursing home.[3]

William and Nancy have since reconciled and currently live in the home. Mrs. Jocoy brought this action against Nancy asking the court to transfer title to her as the beneficiary of a resulting trust. The master found a resulting trust had been established and ordered title be placed in Mrs. Jocoy's name. Nancy appeals.

## LAW/ANALYSIS

Actions to determine resulting trusts sound in equity. *Hayne Fed. Credit Union v. Bailey,* 327 S.C. 242, 248, 489 S.E.2d 472, 475 (1997). As such, this court may determine facts in accordance with our view of the preponderance of the evidence. *Townes Assocs. v. City of Greenville,* 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976). "While this permits us a broad scope of review, we do not disregard the findings of the Master, who saw and heard the witnesses and was in a better position to evaluate their credibility." *Tiger, Inc. v. Fisher Agro, Inc.,* 301 S.C. 229, 237, 391 S.E.2d 538, 543 (1989).

"The general rule is that when real estate is conveyed to one person and the consideration is paid by another, it is presumed that the party who pays the purchase money intended a benefit to himself and a resulting trust is raised in his behalf." *Lollis v. Lollis,* 291 S.C. 525, 528, 354 S.E.2d 559, 561 (1987). However, when the conveyance is made to a spouse, child or other person for whom the purchaser has a duty to provide, this presumption does not attach. *Hayne,* 327 S.C. at 249, 489 S.E.2d at 475–76. Instead, the presumption is that the purchaser intended a gift or advancement. *Id.* Either of these presumptions is rebuttable on a showing of the purchaser's intent to the contrary through parol evidence. *Id.; Lollis,* 291 S.C. at 529, 354 S.E.2d at 561.

In this case, it is undisputed that Mrs. Jocoy provided all of the consideration for the home and that title was placed in Nancy's name. Our next inquiry is which presumption

---

3. Mrs. Jocoy now lives in assisted living facility near her sister's home in Pennsylvania.

applies. South Carolina law has not addressed how a son-in-law or daughter-in-law should be treated with respect to the resulting trust presumptions. Other jurisdictions have reached differing results on the issue. *See Ryan v. Ryan,* 267 Ala. 677, 104 So.2d 700, 702 (1958) (finding no gift presumption arises between mother-in-law and son-in-law); *Varap v. Varap,* 76 Ill.App.2d 402, 222 N.E.2d 77, 84 (1966) (holding when a parent purchases property that is titled in his or her name and the name of a child, there is a presumption of a gift to the child; however, "[t]his presumption of gift does not arise where the relationship between the payor and the grantee is more remote—i.e., there is no presumption of a gift to a son-in-law"); *McQuaide v. McQuaide,* 92 Ind.App. 370, 168 N.E. 500, 505 (1929) ("In some of the adjudicated cases this [presumption of a gift] has been applied where the nominal grantee is a son-in-law.").

In our view, the better approach is that no gift is presumed to a son-in-law or daughter-in-law. The parent-child relationship is easily distinguishable from that of a parent and a son-in-law or daughter-in-law. Moreover, other areas of South Carolina law draw the same distinction. For example, contributions by one party's parents may be treated as contributions by that party in divorce actions. *See Sexton v. Sexton,* 308 S.C. 37, 43, 416 S.E.2d 649, 654 (Ct.App.1992) *reversed on other grounds by* 310 S.C. 501, 427 S.E.2d 665 (1993). Another analogy may be drawn to our intestate scheme which makes no provision for in-laws. *See* S.C.Code Ann. § 62–2–101 (1987). Thus, the general rule under South Carolina law appears to be that sons-in-law and daughters-in-law are not treated the same as sons and daughters. Accordingly, we find the general rule presuming a resulting trust applies in this case.

Nancy argues that the evidence unequivocally establishes that Mrs. Jocoy intended a gift to William and only an intent to keep a life estate for herself.[4] We note that this argument is inconsistent with William and Nancy's actions in placing

---

4. Nancy argues on appeal that Mrs. Jocoy holds an equitable life estate rather than a resulting trust. She cites no authority recognizing such a property interest, and we could find none. We decline to create such an interest here.

Mrs. Jocoy in a nursing home and failing to pay her rent for her alleged life interest. Moreover, our review of the evidence convinces us that Mrs. Jocoy intended to live in her own house, cared for by her son and his family. Although she testified that she meant for William and Nancy to receive the property after her death, that does not take away from the clear and convincing evidence showing her intent to keep a beneficial interest in the property for herself. Therefore, Nancy has failed to rebut the presumption of a resulting trust. Accordingly, the judgment of the master is

**AFFIRMED.**

CONNOR and SHULER, JJ., concur.