THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED 
 ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
 In The Court of Appeals

 
 
 
 
 Ocwen Federal Bank, FSB, Respondent,
 
 
 

v.
 
 
 
 
 Katharine Brown, a/k/a Katherine Brown, Associates Financial Serv., 
 Richland Memorial Hosp/Charles Hallman, Sun Finance and Ford Motor Credit 
 Company, Defendants, of whom Katharine Brown is Appellant.
 
 
 

Appeal From Richland County
 Joseph M. Strickland, Master-in-Equity

Opinion No. 2004-UP-471
 Submitted September 14, 2004 Filed September 16, 2004

AFFIRMED

 
 
 
 
 Arthur K. Aiken, of Columbia, for Appellant.
 
 D. Randolph Whitt, of Columbia, for Respondent.
 
 
 

PER CURIAM:  This is a mortgage foreclosure 
 action.  Katharine Brown appeals from the master-in-equitys order finding she 
 failed to meet her burden of proof in establishing any defense to the foreclosure 
 action.  We affirm. [1] 
FACTS
On September 29, 1995, Brown executed and delivered a promissory note to Ford 
 Consumer Finance Company, Inc. (Ford), the predecessor in interest of Ocwen 
 Federal Savings Bank, FSB (Ocwen).  Pursuant to the note, Brown promised to 
 pay to Ford the principal sum of $41,676, with interest at the rate of 13.10 
 percent per annum.  The note was secured by a mortgage given by Brown to Ford 
 covering property located at 149 Crane Creek Drive in Richland County.  The 
 mortgage was thereafter assigned to Ocwen.
Ocwen instituted this action against Brown seeking a foreclosure of the mortgage 
 and a sale of the property.  Associates Financial Serv., Richland Memorial 
 Hosp/Charles Hallman, Sun Finance and Ford Motor Credit Company were made parties 
 by virtue of the fact that they may have or claim to have some right, title, 
 interest in or lien upon the real property as judgment creditors.  Brown was 
 [t]he titleholder[] of record of the . . . property to be foreclosed.  An 
 order compelling discovery responses required Brown to produce any evidence 
 she had of payment on the note and mortgage by April 9, 2002.
The master-in-equity held a foreclosure hearing.  The master found the note 
 and mortgage were in default and ordered foreclosure of the mortgage and sale 
 of the subject property at public auction.  Further, the master determined the 
 [p]rincipal amount due as of April 22, 2002 was $41,200.08, with interest 
 from June 4, 1998 to June 17, 2002 at the rate of 13.10 [percent] per annum 
 totaling $22,067.03.  The Judgment of Foreclosure and Sale was dated July 11, 
 2002, and filed on July 16, 2002.
On August 2, 2002, Brown filed a motion to alter 
 or amend judgment pursuant to Rule 59(e), SCRCP.  In the motion, Brown asserted 
 the judgment should be altered or amended to make a finding of a failure to 
 comply with the attorney preference requirement because she presented uncontested 
 evidence that the Plaintiffs predecessor-in-interest, Ford Motor Credit Corporation, 
 failed to advise her of her right to select her own attorney.  At the hearing, 
 counsel for Brown noted: [T]he order did not address specifically the preference 
 issues.  And thats what we would like to have altered or amended, that portion 
 of the judgment, so that it specifically addresses the preference issues.  
 The master granted Browns motion to alter or amend the judgment to include 
 his decision regarding the attorney preference issue.
The subject property was sold at foreclosure sale 
 on August 5, 2002.  An order confirming the sale was filed on November 26, 2002.  
 Browns second motion to alter or amend the judgment of foreclosure and sale 
 was dated December 6, 2002.  Brown based this motion upon the grounds that 
 she has previously taken the position that she has paid the mortgage [in full] 
 in this case, and that she has now presented documentary evidence to support 
 that position.  Brown averred the foreclosure should not have gone forward, 
 and therefore she is entitled to have it essentially unraveled and to put the 
 property back for sale.  This motion was denied by order dated January 29, 
 2003, and filed on February 6, 2003.
STANDARD OF REVIEW
An action to foreclose a real 
 estate mortgage is an action in equity.  Hayne Fed. Credit Union v. Bailey, 
 327 S.C. 242, 489 S.E.2d 472 (1997); Swindler v. Swindler, 355 S.C. 245, 
 584 S.E.2d 438 (Ct. App. 2003).  On appeal from an action in equity, this court 
 is not required to disregard the findings of the master.  BB & T v. Kidwell, 
 350 S.C. 382, 565 S.E.2d 316 (Ct. App. 2002).  The master, who saw and heard 
 the witnesses, was in a better position to assess their credibility and the 
 weight that should be given to their testimony.  See Jocoy v. Jocoy, 
 349 S.C. 441, 562 S.E.2d 674 (Ct. App. 2002) (explaining that while the standard 
 of review in equity cases permits an appellate court a broad scope of review, 
 the court does not disregard the findings of the master-in-equity, who saw and 
 heard the witnesses and was in a better position to evaluate their credibility).  
 However, this court may find facts in accordance with its own view of the preponderance 
 of the evidence.  Taylor v. Lindsey, 332 S.C. 1, 498 S.E.2d 862 (1998); 
 Townes Assocs., Ltd. v. City of Greenville, 266 S.C. 81, 221 S.E.2d 773 
 (1976).
LAW
Defense of Payment
Brown argues the master-in-equity erred in finding she had not paid the balance 
 on the note and mortgage in full.  We disagree.
Brown claims she presented evidence that demonstrates she had paid at least 
 a substantial portion of this balance due.  Brown contended she could not 
 present the remainder of the documents demonstrating that the note and mortgage 
 had been paid in full, because her documents were lost after an agent for Ocwen 
 had secured her premises.  These assertions are meritless.
The documents Brown presented 
 showed payments which added up to substantially less than the amount of the 
 debt.  Browns submission included a document evidencing a $6,000 payment which 
 occurred in 1987, approximately eight years before the execution of the note 
 and mortgage involved in the present action.  Browns self-serving, conclusory 
 statement that she paid the note and mortgage in full was not supported by the 
 evidence.  Browns evidence does not prove she paid the debt in full, but shows 
 Brown still has an arrearage.  Moreover, Brown had ample time after the discovery 
 requests seeking her evidence of payment and the subsequent order to compel 
 discovery to obtain duplicates of any lost documentation.
The master correctly found that Brown failed to meet her burden of proof in 
 establishing any defense to the foreclosure action.
CONCLUSION
Accordingly, the decision of the master-in-equity is
AFFIRMED.
GOOLSBY, ANDERSON, and WILLIAMS, JJ., concur.

 
 
 [1] We decide this case without oral argument pursuant to Rule 215, SCACR.