THIS OPINION HAS
 NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE
 STATE OF
 
 
 SOUTH CAROLINA
 In
 The Court of Appeals

 
 
 
 The Estate of Rosa Tucker, by and
 through her Personal Representative, Ernest Tucker, Respondent,
 v.
 Roy Tucker, Appellant.
 
 
 

Appeal From
 
 
 Richland
 
County
 G. Thomas Cooper, Jr.,
Circuit Court Judge

Unpublished Opinion No.  2008-UP-284
Heard June 3, 2008  Filed June 4, 2008

AFFIRMED

 
 
 
 Mark D. Cauthen and T. Jeff Goodwyn, Jr., both of
 
 Columbia, for Appellant.
 Donald E. Rothwell, of Irmo and Jan L.
 Warner and Matthew E. Steinmetz, both of
 Columbia,
 for Respondent.
 
 
 

PER CURIAM:  Rosa Tucker filed this complaint in 2003 against her
 oldest son, Roy Tucker (Tucker), alleging fraud, conversion, constructive
 trust, intentional infliction of emotional distress, negligence per se for
 violation of the Omnibus Elderly Abuse Statute, and unfair trade practices. 
 
 Rosa died in
 2004 and the action was continued on behalf of the Estate of Rosa Tucker (the
 Estate) by the personal representative, Ernest Tucker.  After a bench trial, the circuit court issued
 an order finding the Estate was entitled to a constructive trust in the amount
 of $22,000.  The court denied the
 Estates remaining claims.  The circuit
 court thereafter denied Tuckers post-trial motion to alter or amend the
 judgment.  Tucker appeals.
On
 appeal, Tucker asserts (1) the circuit court erred in imposing a constructive
 trust, (2) even if the constructive trust was properly imposed, the circuit
 court erred in establishing the amount of the trust as $22,000, and (3) the
 circuit court erred in denying his motion for a new trial or a new trial nisi remittitur.
1.  Imposition of
 Constructive Trust.
This
 dispute arises out of Tuckers purchase of two residences that his mother lived
 in located at
 
 3626 Hydrangea
 Street and
 
 3601 Edmond Drive in
 
 Columbia,
 
 South Carolina.  The Estate alleges Tucker used money advanced
 to him by his mother to make the purchases, but he did not repay the amounts
 loaned to him.  The circuit court granted
 a constructive trust to the Estate pertaining to the
 
 Hydrangea Street property.  
In
 his appeal, Tucker first alleges the circuit court erred in finding a
 constructive trust should be imposed.  Tucker contends (a) there has been no finding of fraud, bad faith, abuse
 of confidence, or violation of a fiduciary duty that would give rise to an
 obligation in equity to make restitution, (b) the Estate has not established
 its entitlement to a trust by clear and convincing evidence, and (c) the
 Estates complaint did not seek the establishment of a trust for the Hydrangea
 Street property.  
"A
 constructive trust arises entirely by operation of law without reference to any
 actual or supposed intentions of creating a trust."  McNair v. Rainsford, 330
 S.C. 332, 356, 499 S.E.2d 488, 501 (Ct. App. 1998).  "It is resorted to by equity to vindicate
 right and justice or frustrate fraud." 
 
 Id.  Because an action to declare a constructive
 trust is in equity, this Court may find the facts in accordance with its own
 view of the evidence.  Lollis
 v. Lollis, 291 S.C. 525, 530, 354 S.E.2d 559, 561 (1987).
"A
 constructive trust will arise whenever the circumstances under which property
 was acquired make it inequitable that it should be retained by the one holding
 the legal title."  Lollis,
 291 S.C. at 529, 354 at 561.  "A
 constructive trust results from fraud, bad faith, abuse of confidence, or
 violation of a fiduciary duty which gives rise to an obligation in equity to
 make restitution." 
 
 Id.  "A
 constructive trust arises whenever a party has obtained money which does not
 equitably belong to him and which he cannot in good conscience retain or
 withhold from another who is beneficially entitled to it as where money has
 been paid by accident, mistake of fact, or fraud, or has been acquired through
 a breach of trust or the violation of a fiduciary duty."  SSI Med. Servs., Inc. v.
 Cox, 301 S.C. 493, 500, 392 S.E.2d 789, 793-94 (1990). 
The
 burden is on the plaintiff to establish a constructive trust by clear and
 convincing evidence.  McNair, 330
 S.C. at 357, 499 S.E.2d at 501; see also Lollis, 291 S.C. at
 530, 354 S.E.2d at 561 ("In order to establish a constructive trust, the
 evidence must be clear, definite, and unequivocal.").  Although fraud is generally cited as an
 element to establish a constructive trust, a party need not show actual
 fraud.  McNair, 330 S.C. at 357, 499 S.E.2d at 501.  Further, "equity is less than demanding and quite flexible in
 prescribing the elements essential to a constructive trust."  Whitmire v. Adams,
 273 S.C. 453, 458, 257 S.E.2d 160, 163 (1979).
Initially,
 we find Tuckers argument that the circuit court erred in imposing a
 constructive trust because the Estate did not seek the establishment of a
 constructive trust as to the
 
 Hydrangea
 Street property, but only claimed a constructive
 trust for the
 
 Edmond Drive
 property, is not properly before us.  Tucker did not raise this alleged error to the circuit court in a
 post-trial motion.  Where a trial court
 grants relief that was not requested, the proper procedure for the party
 alleging error is to make a post-trial motion to the trial court to alter or amend
 the order.  See, e.g., Pelican
 Bldg. Ctrs. of Horry-Georgetown, Inc. v. Dutton, 311 S.C. 56, 60, 427
 S.E.2d 673, 675 (1993); Godfrey v. Heller, 311 S.C. 516, 520-21,
 429 S.E.2d 859, 862 (Ct. App. 1993).  An
 alleged error may not be raised for the first time on appeal; rather, it must
 be both raised to and ruled upon by the trial court to be preserved for
 appellate review.  Pye v. Estate of
 Fox, 369 S.C. 555, 564, 633 S.E.2d 505, 510 (2006) ("It is well
 settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved."); see Staubes v. City of Folly
 Beach, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("Error preservation requirements are intended to enable the lower
 court to rule properly after it has considered all relevant facts, law, and
 arguments. " (quoting IOn, L.L.C. v. Town of
 
 
 Mt. Pleasant, 338 S.C. 406, 422, 526
 S.E.2d 716, 724 (2000))).  Thus, this
allegation is not preserved.
We
 next consider Tuckers argument that a constructive trust was not proper in
 this case because the Estate made no showing of fraud, a confidential
 relationship, or any other qualifying element by clear and convincing
 evidence.  The Estate contends the
 circuit court did specifically find "that [Tucker] and his mother were clearly
 in a confidential relationship, [Tucker] was the dominant party in the
 transactions complained of, that [Tuckers] mother relied upon him and trusted
 him, and [Tucker] provided little evidence that the transactions were fair or
 equitable."    
We
 have previously noted that "a precise definition of a confidential relationship
 is elusive . . . ."  Chapman v. Citizens & S. Natl Bank, 302 S.C. 469, 475, 395
 S.E.2d 446, 450 (Ct. App. 1990). "Confidential relations are deemed to arise whenever two persons have
 come into such a relation that confidence is necessarily reposed by one and the
 influence which naturally grows out of the confidence is possessed by the
 other, and this confidence is abused or the influence is exerted to obtain an
 advantage at expense of confiding party." 
 
 Id. at 476, 395 S.E.2d at 451.  In Chapman we quoted the following
 definition from Blacks Law Dictionary:

 Confidential relation.  A fiduciary relation.  It is a peculiar relation which exists between client and attorney,
 principal and agent, principal and surety, landlord and tenant, parent and
 child . . . .  In these and like cases, the law, in order to
 prevent undue advantage from the unlimited confidence or sense of duty which
 the relation naturally creates, requires the utmost degree of good faith in all
 transactions between the parties.  It is
 not confined to any specific association of parties.  It appears when the circumstances make it
 certain that the parties do not deal on equal terms, but on the one side there
 is an overmastering influence, or, on the other, weakness, dependence, or
 trust, justifiably reposed. The mere existence of kinship does not, of
 itself, give rise to such relation.  It
 covers every form of relation between parties wherein confidence is reposed by
 one in another, and [the] former relies and acts upon representations of the
 other and is guilty of no derelictions on his own part.

 
 Id. at 476, 395 S.E.2d at 450-51 (quoting Blacks Law
 Dictionary 270 (5th ed. 1979)).
We
 agree with the Estate that the circuit court did, in fact, find a confidential
 relationship existed between Tucker and his mother.  Although the circuit court did not expressly
 use the phrase "confidential relationship," it is clear the court made this
 determination after reviewing the courts findings as follows:  (1) Tucker "has benefited from his
 relationship with his mother by taking money from her by way of an $8[,]000.00
 loan, by selling property to her for stated consideration of $14,000.00, and
 then having her re-convey the property for love and affection"; (2) Tucker "was
 the dominant party in these transactions and a businessman who, by his own
 testimony, buys and sells real estate, sells life insurance, and owns rental
 houses"; (3) Tucker "also prepared the deeds that were signed by his
 mother"; and (4) Tuckers mother "never graduated from high school and
 relied upon and trusted Roy Tucker in these transactions."    
We
 hold the circuit court did not err in determining the imposition of a
 constructive trust was appropriate under the circumstances.   Tucker seeks the imposition of a strict
 standard that is not required by our case law.  As noted above,
 
 South Carolina
 law provides actual fraud need not be shown to warrant imposition of a
 constructive trust, and the courts are flexible in determining the
 circumstances that justify the imposition of a constructive trust.  See Whitmire, 273 S.C. at 458,
 257 S.E.2d at 163 ("[E]quity is less than demanding and quite flexible in
 prescribing the elements essential to a constructive trust.").  
In
 this case, Tucker had a confidential relationship with his mother and he was
 able to obtain funds from her based on the reliance and trust she placed in him
 to direct these business transactions.  Tuckers mother was an older adult in poor health who did not complete her high school education, and she acquiesced in the decisions
 of her son.  Tucker prepared the deeds
 and was in control of the transactions.  Because Tucker has never repaid these funds, we agree with the circuit
 court that it is only just and equitable that the law provides recovery to his
 mothers Estate by means of the imposition of a constructive trust.  See, e.g., Devlin v. Devlin, 89
 S.C. 268, 271, 71 S.E. 966, 968 (1911) (approving the principle of law
 that "where confidential relations exist between persons, the law looks with
 suspicion upon any transaction between them, whereby the superior gains an
 advantage to himself over the other"). 
2.  Amount of Constructive
 Trust.
Tucker
 further contends that, even if the circuit court properly imposed a
 constructive trust, the court erred in finding the trust amount should be
 $22,000.  Tucker argues $14,000 of this
 amount, which is the sum that was recited in the deed of the
 
 Hydrangea Street property, was never
 actually paid to him by his mother.  He
 also contends he is entitled to an offset for the unpaid rent, mortgage
 payments, taxes, insurance, and the amount he expended for repairs.  
In
 his testimony, Tucker admitted he had not repaid his mother the $8,000 she had
 advanced for his purchase of the
 
 Hydrangea
 Street home.  Tucker also admitted there is a deed that shows he received $14,000 from
 his mother and transferred the home to her.  When asked about his receipt of the $14,000 during his testimony, Tucker
 stated, "Thats what it says . . . ."  Although Tucker now disputes that he ever received the $14,000 recited
 as consideration in the deed, we cannot say the circuit court erred in its
 determination of the amount of the trust.  Under our standard of review, we may take our own view of the evidence,
 but we are also aware that the circuit court was in the best position to hear
 the witnesses and evaluate their credibility in this regard.  See Latimer v.
 Farmer, 360 S.C. 375, 380, 602 S.E.2d 32, 34 (2004) ("We are not
 required to disregard the findings of the trial judge who saw
 and heard the witnesses and was in
 a better position to evaluate their credibility.").  Accordingly, we are not inclined to disturb the circuit courts finding
 that Tucker received the sum of $14,000 as recited in the deed regarding the
 
 
 Hydrangea Street
property.
Additionally,
 we find the issue of an offset has been waived.  Tucker did not seek an offset in his pleadings and Tuckers counsel
 expressly advised the circuit court at the trial in this matter:  "We do not claim an offset for rent, your
 Honor, in this case."  Thereafter, the
 court denied counsels belated, oral motion to amend the pleadings to seek an
 offset.  Although Tucker filed a motion
 to reconsider asking for a "remittitur" based on the unpaid rent, we note a
 remittitur is a term of art and it is distinguishable from establishing the
 entitlement to an offset that is proven at trial in the first instance.  Moreover, as for the rent, we find any
 calculation for unpaid rent would be speculative as we do not know what the
 rent would be after Tuckers mother moved to the
 
 Edmond Street property and Tucker made no
 offer of proof.  
Finally,
 we note Tucker is attempting on appeal to expand the items for which he is
 seeking an offset, as he is now claiming an offset for additional items other
 than rent, such as taxes, insurance, and repairs.  Consequently, we find no merit to Tuckers
 contention that the circuit court erred in failing to grant him an offset
 against the amount awarded for the constructive trust.  See Wilder Corp. v. Wilke, 330
 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue
 cannot be raised for the first time
 on appeal, but must have been raised
 to and ruled upon by the trial judge to be preserved
 for appellate review."); Hurst v. Sumter County, 189 S.C. 376, 381, 1
 S.E.2d 238, 240 (1939) ("Under the settled law of this State, an essential
 preliminary to the allowance of an offset is that the offset claimed must be pleaded, and there must be some
 evidence tending to establish such plea."); Doe v. ATC, Inc., 367 S.C.
 199, 205 n.4, 624 S.E.2d 447, 450 n.4 (Ct. App. 2005) ("Issue preservation
 rules preclude us from expanding the case and issues
 beyond those argued in the trial court."). 
3.  New Trial or New Trial Nisi Remittitur.
Based
 on our disposition, we need not reach Tuckers remaining issue seeking a new
 trial or a new trial nisi remittitur.
AFFIRMED.
ANDERSON, HUFF, and KITTREDGE, JJ., concur.