**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

William Rice Cook, III, Appellant,

v.

Benny Richard Phillips, Jr. and the real estate property located at 207 North Avenue, Anderson, South Carolina 29625, TMS# 123-26-08-02, Respondents.

Appellate Case No. 2016-001653

———————

Appeal From Anderson County
R. Lawton McIntosh, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-470
Submitted October 1, 2018 – Filed December 19, 2018

———————

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

———————

Daniel L. Draisen, of Krause Moorhead & Draisen, PA, of Anderson; Timothy Alan Nowacki, of The Clardy Law Firm, P.A., of Greenville; and Andrew Sims Radeker, of Harrison, Radeker & Smith, P.A., of Columbia, all for Appellant.

Michael F. Mullinax, of Mullinax Law Firm, P.A., of Anderson, for Respondent.

———————

**PER CURIAM:**  William R. Cook, III appeals a circuit court order granting summary judgment to Benny R. Phillips, Jr. on Cook's causes of action for unjust enrichment, conversion, constructive trust, and partition, and canceling a lis pendens on a parcel of Phillips's real property (the Property).

In its order, the circuit court ruled Cook's claims were barred by section 62-3-803 of the South Carolina Code (Supp. 2018) (setting a time limit on the filing of "claims against a decedent's estate"), and it granted summary judgment on that ground.  However, Cook's claims were brought against Phillips in his individual capacity, not against the estate of Phillips's grandmother or Phillips in any representative capacity.  Accordingly, section 62-3-803 is inapplicable to this action.  Nonetheless, we affirm the grant of summary judgment to Phillips on Cook's conversion, constructive trust, and partition claims on other grounds.  *See* Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal.").

First, summary judgment is appropriate on the conversion claim because Cook alleged Phillips converted improvements to the Property, a parcel of real estate. *See Owens v. Andrews Bank & Tr. Co.*, 265 S.C. 490, 496, 220 S.E.2d 116, 119 (1975) ("Conversion has been defined in our case law as an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the exclusion of the owner's rights."); *Hawkins v. City of Greenville*, 358 S.C. 280, 297, 594 S.E.2d 557, 566 (Ct. App. 2004) ("It is well settled that a conversion action does not lie when alleging the exercise of dominion or control over real property."); *id.* ("Therefore, to the extent [a] conversion claim pertains to the actions of [a party] with respect to real property, the claim clearly fails as a matter of law.").  Next, summary judgment is appropriate on the constructive trust claim because Phillips did not acquire the Property through "fraud, bad faith, abuse of confidence, or violation of a fiduciary duty." *Lollis v. Lollis*, 291 S.C. 525, 529, 354 S.E.2d 559, 561 (1987); *see id.* ("A constructive trust will arise whenever the circumstances under which property *was acquired* make it inequitable that it should be retained by the one holding the legal title." (emphasis added)).

Because Cook's constructive trust claim fails, and Cook has no other cognizable legal or equitable interest in the property, summary judgment is also appropriate on the partition claim.  *See* S.C. Code Ann. § 15-61-10(A) (Supp. 2018) (allowing "joint tenants and tenants in common" to request partition "of . . . lands, tenements and hereditaments"); S.C. Code Ann. § 15-61-50 (2005) (allowing the court of

common pleas to order the partition of "real and personal estates held in joint tenancy or in common").  Similarly, because Cook has no interest in the Property, we affirm the circuit court's cancellation of the lis pendens.  *See* S.C. Code Ann. § 15-11-10 (2005) (allowing the filing of a lis pendens "[i]n an action affecting the title to real property"); *Pond Place Partners, Inc. v. Poole*, 351 S.C. 1, 17, 567 S.E.2d 881, 889 (Ct. App. 2002) ("Where no real property is implicated, . . . a notice of pendency of action need not be filed."); *Carolina Park Assocs., LLC v. Marino*, 400 S.C. 1, 9, 732 S.E.2d 876, 880 (2012) ("Because Appellants have failed to state a claim for a constructive trust, they have no claim affecting the title to real property and the lis pendens is not 'authorized by this chapter.'  We therefore affirm the cancellation of the lis pendens.").

However, because Cook pled and presented facts supporting each element of his unjust enrichment claim, and a genuine issue of fact exists regarding Phillips's liability to Cook under this theory of recovery, summary judgment was improper and we reverse and remand for further proceedings on that claim.  *See BPS, Inc. v. Worthy*, 362 S.C. 319, 324, 608 S.E.2d 155, 158 (Ct. App. 2005) ("When reviewing the grant of a summary judgment motion, the appellate court applies the same standard [that] governs the trial court under Rule 56(c), SCRCP: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.").

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**[1]

**HUFF, SHORT, and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.