0881

Robert P. TAYLOR, a minor, by Janice D. TAYLOR, his Guardian ad Litem, Appellant v. Virginia Marie TAYLOR, Respondent.

(353 S. E. (2d) 156)

Court of Appeals

*A. Arthur Rosenblum,* Charleston, *for appellant.*

*Brad J. Waring,* Charleston, *for respondent.*

Heard Jan. 20, 1987.

Decided Feb. 16, 1987.

SHAW, Judge:

Appellant, Robert P. Taylor, a minor, by Janice D. Taylor, his Guardian ad Litem, brought this action against respondent, Virginia Marie Taylor, to impress a trust on the

proceeds from a certain life insurance policy on his father, Walter Taylor. The trial judge imposed a constructive trust on the proceeds in the amount of $5,324.57. Robert appeals the amount awarded and we affirm.

Walter and Janice divorced in April of 1984. The divorce decree incorporated a separation agreement entered into by Walter and Janice which contains the following language:

> The Husband further agrees to maintain and keep in force Ninety Thousand Dollars ($90,000.00) *worth* of life insurance on himself, naming the parties' son [Robert] as beneficiary until the minor reaches the age of twenty-two (22) years and that the Husband will do nothing to diminish the insurance benefit. (Emphasis added.)

At the time of the agreement, Walter's employer had a group policy with Aetna Insurance Company which covered Walter for $90,000.00. The Aetna policy contained a double indemnity provision for accidental death. Janice was the named beneficiary. Walter also owned three life insurance policies with New England Mutual Life for $11,000.00, $15,000.00, and $30,000.00. The $30,000.00 policy also contained a double indemnity provision for accidental death. Robert was the named beneficiary on these three policies.

In July of 1984, Walter married Virginia. He then changed the named beneficiary on the Aetna policy from Janice to Virginia. Robert was never named as a beneficiary on the Aetna policy. Walter died in a car wreck in November of 1984. Virginia collected $180,000.00 on the Aetna policy. New England Life paid a total of $84,675.43 to Janice as guardian for Robert.

This action was then brought to impress a trust on the $180,000.00 Virginia received. Janice claims the separation agreement contemplated the Aetna policy as the designated policy intended to comply with the agreement. The parties submitted the case to the trial court on a stipulation of facts, exhibits, and written briefs. Janice proffered her testimony over objection that she knew of the Aetna policy and she and Walter understood the separation agreement to refer to the Aetna policy. Virginia argues the agreement is not ambiguous and the parol evidence rule therefore excludes any testimony regarding "outside understandings and agreements."

The trial judge found the agreement is not ambiguous and Walter substantially performed his duty under the agreement. He found Robert entitled to $90,000.00 worth of proceeds and offset that amount by the $84,675.43 Robert received from the New England policies. He therefore imposed a trust on the proceeds from the Aetna policy of $5,324.57.

Robert claims the trial judge erred in finding the agreement is not ambiguous and in finding the trust only valid to the extent of $5,324.57.

We hold the plain language of the separation agreement is not ambiguous. The language only requires Walter to maintain $90,000.00 "worth" of life insurance with Robert as beneficiary. The agreement does not mention the Aetna policy or the group policy or any similar language tending to identify a particular policy. The parol evidence rule excludes evidence giving a perfectly clear agreement a different meaning or effect from that indicated by the plain language. *Gilstrap v. Culpepper*, 283 S. C. 83, 320 S. E. (2d) 445 (1984). "Words cannot be read into a contract which impart intent wholly unexpressed when the contract was executed." *Gilstrap*, 320 S. E. (2d) at 447 (quoting *Blakely v. Rabon*, 266 S. C. 68, 72 221 S. E. (2d) 767, 769 (1976) ). Thus, the trial judge did not err in finding Janice's proffered testimony inadmissible.

We also hold the trial judge did not err in imposing the trust on the proceeds from the Aetna policy only to the extent of $5,324.57. The plain language of the agreement contemplates Robert receiving $90,000.00 in life insurance proceeds upon the death of his father, Walter. The proceeds from the New England policies together with the trust imposed by the trial judge secures for Robert the amount bargained for in his parents' agreement. Thus, the trial judge was correct in finding Robert failed to establish a constructive trust over the $180,000.00 in proceeds by clear, definite and unequivocal evidence. *Whitmire v. Adams*, 273 S. C. 453, 257 S. E. (2d) 160 (1979).

Affirmed.

GARDNER and BELL, JJ., concur.