1184

Robert W. SMITH and Robert Burnside, Appellants v. SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Zeta Partnership, Woodruff Road Development Co., L. Guerry Burnette and Nathanial E. Cain, Morris Construction Co., Bobby G. Williams, and Sarah G. Troutman, Golden Oaks Partnership, of whom South Carolina Department of Highways and Public Transportation is Respondent.

(370 S. E. (2d) 101)

Court of Appeals

*R. O'Neil Rabon, Jr.,* and *G. Maurice Ashmore,* Greenville, *for appellants.*

*Thomas W. Traxler,* Greenville, and *John M. Cox,* Columbia, *for respondent.*

Heard May 17, 1988.

Decided June 27, 1988.

SANDERS, Chief Judge:

Appellants Robert W. Smith and Robert Burnside brought this action for alleged damages to their property by respondent South Carolina Department of Highways and Public Transportation. The Circuit Court granted summary judgment for the Department based on releases previously signed by Mr. Smith and Mr. Burnside. We reverse and remand.

Mr. Smith and Mr. Burnside allege that the Department damaged their property while constructing "I-385 by-pass, commonly known as Golden Strip Freeway." The releases which they signed "release the Epting-Ballenger Corpora-

tion and all other persons from any claim or liability, for any cause, rising out of or resulting from the construction of said highway." Mr. Smith and Mr. Burnside contend that they did not intend to release the Department when they signed the releases.

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. S.C.R.Civ.P. 56(c). "Summary judgment is inappropriate where further inquiry into the facts of the case is desirable to clarify the application of the law." *Garrett v. Snedigar*, 293 S. C. 176, 178, 359 S. E. (2d) 283, 284 (Ct. App. 1987).

"When determining the intention of an instrument, we first look to its language. Where a contract is unambiguous, clear and explicit, it must be construed according to the terms which the parties have used, to be taken and understood in their plain, ordinary, and popular sense." *Warner v. Weader*, 280 S. C. 81, 83, 311 S. E. (2d) 78, 79 (1983). "Like any other agreement, when the language of a settlement agreement is susceptible of more than one interpretation, it is the duty of the court to ascertain the intentions of the parties." *Mattox v. Cassady*, 289 S. C. 57, 60, 344 S. E. (2d) 620, 622 (Ct. App. 1986).

In our opinion, there is an issue of fact as to whether Mr. Smith and Mr. Burnside intended to release the Department when they released "all other persons." At the very least, further inquiry into the facts is desirable to determine their intentions. The releases obviously do not release the Department explicitly. The Department is not understood to be a person in the plain, ordinary and popular sense. Since the releases are susceptible of more than one interpretation, it is the duty of the Court to ascertain the intentions of the parties.

The Department argues that Mr. Smith and Mr. Burnside are not allowed to introduce evidence that they did not intend to release the Department. *See Taylor v. Taylor*, 291 S. C. 261, 264, 353 S. E. (2d) 156, 158 (Ct. App. 1987) ("The parol evidence rule excludes evidence giving a perfectly clear agreement a different meaning or effect from that indicated by the plain language."). We reject this argument for essentially the reasons previously stated. As

we have said, the releases signed by Mr. Smith and Mr. Burnside are not perfectly clear. "[P]arol evidence is admissible to show the true meaning of an ambiguous written contract." *Mattox*, 289 S. C. at 61, 344 S. E. (2d) at 622.

For these reasons, the judgment of the Circuit Court is reversed and the case is remanded for further proceedings.

Reversed and remanded.

SHAW, J., and LITTLEJOHN, Acting Judge, concur.