2107

Judy R. GLOVER, as Guardian Ad Litem for Jennifer Renee Tyler, Respondent v. INVESTMENT LIFE COMPANY OF AMERICA, Karen Tyler and Grace Tyler, of whom Karen Tyler is, Appellant. Appeal of Karen TYLER.

(439 S.E. (2d) 297)

Court of Appeals

*Thomas B. Bryant, III* and *Anne Gué Jones,* of *Bryant, Fanning & Shuler,* Orangeburg, *for appellant.*

*Barney M. Houser,* Orangeburg, *for respondent.*

Heard Nov. 2, 1993.

Decided Dec. 13, 1993.

CONNOR, Judge:

Judy R. Glover (the mother) and Barry Tyler (the father) were married on April 11, 1971, and had one child, Jennifer Renee Tyler (the child). The parties divorced on February 3, 1987. The divorce decree required the father to purchase and maintain a $100,000 life insurance policy on himself, with the child as sole beneficiary.

The father obtained life insurance but ultimately named Karen Tyler (the second wife), Grace Tyler (his mother), and the child as beneficiaries. He failed to obtain life insurance with the child as sole beneficiary as ordered in the divorce decree before his death on March 26, 1992. The second wife appeals the master's order that the child was the sole beneficiary of the life insurance policy. We affirm.

## ISSUES

There are two issues. Did the trial court err: (1) in holding the father was not relieved of the obligation to provide a $100,000 life insurance policy on the child and (2) in holding the provision of the divorce decree requiring the father to provide a $100,000 life insurance policy for the child deprived him of the right to name anyone else as a beneficiary until that requirement was met.

## FACTS

The family court ordered the father to maintain a $100,000 life insurance policy on himself naming the child as the sole beneficiary and to provide the mother annual proof of premium payments by February 15, 1987, and afterwards annually by February of each year. The order did not discuss the purpose of the insurance requirement, its duration, or any limitations. The child was 12 years old at the time of the divorce.

On February 11, 1987, the father purchased a life insurance policy, but split the benefits between the child and the second wife. In May 1987, the mother brought a contempt action against the father seeking an order requiring him to provide proof of premium payment and a copy of the $100,000 life insurance policy required in the divorce decree.

In June 1988, the mother brought another contempt action seeking the same relief. At the hearing in July, the father and the mother informed the court they had reached a "proposed settlement agreement and modification of the previous orders of the Court." The family court adopted their agreement which modified certain provisions of the previous orders, but did not mention the life insurance policy.

On October 15, 1991, the father amended the life insurance policy to add his mother as a $25,000 beneficiary. The father died about five months later. Following the father's death, Investment Life Company of America paid the insurance proceeds into the court.

The mother, as guardian ad litem for the child, commenced the present action in April 1992. She sought an order declaring the child sole beneficiary of the policy.

The case was referred to the master with the consent of all parties in June 1992. The master held the child was entitled to all proceeds of the policy.

## DISCUSSION

We find three recent South Carolina cases are instructive. In *Taylor v. Taylor*, 291 S.C. 261, 353 S.E. (2d) 156 (Ct. App. 1987), the parents divorced and the decree incorporated their settlement agreement. The agreement and order provided the father should maintain $90,000 life insurance for his son until the son was 22. At that time, the father had a $90,000 policy naming his former wife as beneficiary. He also had three other policies, naming the son as beneficiary. When the father remarried, he made his new wife the beneficiary of the $90,000 policy.

The father later died by accident, and the son received a total of $84,675.43 from the three other policies. The second wife received the benefits from the $90,000 policy. The child's mother sued, arguing the son should receive the proceeds from the $90,000 policy. The trial judge found the divorce decree required $90,000 of life insurance rather than any particular policy. Since the policy amounts paid to the son did not equal $90,000, the court imposed a constructive trust of $5,234.57 on the amount received by the second wife. This Court affirmed.

The couple in *Jefferson Pilot Life Ins. Co. v. Gum*, 302 S.C. 8, 393 S.E. (2d) 180 (1990), divorced in 1974. The divorce decree ordered the husband to retain the wife as a beneficiary of a "certain life insurance policy which he now holds." At that time, he held two policies that were life and disability policies providing the husband or his designated beneficiary would receive the benefits.

When the husband remarried, he made his new wife the beneficiary of the life policy. The first wife was the beneficiary of the disability policy. The husband later became disabled and began receiving disability retirement payments under the second policy, which extinguished the death benefits.

In 1980, when the husband sought a reduction in alimony, the first wife advised the court he had changed the beneficiary of the life policy, thereby violating the divorce decree. In July 1980, the family court ordered him to make the wife the beneficiary of the life policy. He later told the court he had only one life policy, and he would not make the wife the beneficiary. The parties appeared in court on three subsequent occasions, but never addressed the life insurance issue.

The husband died, and both wives filed claims for the insurance proceeds. The insurance company filed an interpleader action. The first wife cross-claimed against the second wife for a constructive trust or equitable lien against the insurance proceeds. The second wife moved for summary judgment on the grounds of laches. As to the laches issue, the trial court held the first wife did not diligently seek a judicial determination after she became aware that she was no longer the named beneficiary in the life insurance policy.

The Supreme Court reversed, holding the first wife did not have the burden of seeking a judicial clarification of the divorce decree. The decree ordered the husband to make her the beneficiary. The July 1980 order again ordered him to do so, but he refused. The November 1980 order did not modify this obligation. The Court held:

> In the absence of a modification of the order, it appears [the husband] was still under an obligation to designate [the first wife] as the beneficiary of the policy. Therefore, we conclude that the trial court erred in granting [the second wife's] motion for summary judgment . . . [and remand for further proceedings].

393 S.E. (2d) at 182.

In *Lane v. Williamson*, 307 S.C. 230, 414 S.E. (2d) 177 (Ct. App. 1992), the father divorced his first wife; they had three children. He subsequently remarried and later appeared before the family court in a separate support and maintenance action involving his second wife. At a temporary hearing, the father agreed to keep the life insurance on his second wife.

At that time, the first wife was the named beneficiary of a $100,000 life insurance policy. The day before the hearing, without anyone's knowledge, the father applied to the insurance company to change the beneficiary from his second wife to his children. The day after the hearing, again without anyone's knowledge, he applied to change the beneficiary on a $10,000 life policy from his wife to his children.

Because of processing requirements, the change in beneficiaries was not effective until after the temporary hearing and the judge's written order. It appears the change on the $10,000 policy was immediate. The father subsequently died.

The children sued in circuit court, seeking a declaration

they were the beneficiaries. They contended the father had the right to change beneficiaries. The wife countered the father had contracted away this right. The insurance companies paid the proceeds into court, and the trial court granted summary judgment to the wife.

This Court found the father's agreement to maintain the insurance on the wife was binding. Because the wife was the beneficiary of both policies at the time of the agreement, the Court held the father had contracted away any existing right to change the beneficiary.

In this case, the second wife argues the second contempt order modified the divorce decree by eliminating the father's insurance obligation. Any such modification must be express, and cannot arise by implication through silence and/or omission, especially concerning a child-support matter. The argument on the father's right to contract, thereby changing the beneficiary, is controlled by the cases discussed. It makes no difference the policy was not actually in existence at the time of the original family court hearing and order.

Accordingly the judgment of the master is affirmed.

Affirmed.

SHAW AND CURETON, JJ., concur.