730 S.E.2d 912

**STATE MUTUAL INSURANCE COMPANY, Plaintiff,**

v.

**Gerald Ray ARD and Susan M. Ard, individually and as the natural mother, custodial parent, and natural guardian of Lauren Ashley A. and Brandon Todd A., minors under the age of fourteen (14), Defendants,**

**Of whom Gerald Ray Ard is Respondent,**

and

**Susan M. Ard is Appellant.**

Appellate Case No. 2010–165848.

No. 5004.

Court of Appeals of South Carolina.

Heard March 28, 2012.

Decided July 18, 2012.

---

Louis David Nettles, of Folkens Law Firm, PA, of Florence, for Appellant Susan Ard.

Robert Norris Hill, of Newberry, and William P. Hatfield, of Hyman Law Firm, of Florence, for Respondent Gerald Ray Ard.

THOMAS, J.

State Mutual Insurance Company (State Mutual) filed this action to interplead the proceeds of a life insurance policy. Following a bench trial, the trial judge found Appellant Susan M. Ard (Wife), the former wife of Richard Todd Ard (Decedent), was entitled to the face value of the policy with interest, but awarded the balance of the death benefit to Respondent Gerald Ray Ard (Father), Decedent's father. Wife appeals. We affirm.

## FACTS AND PROCEDURAL HISTORY

Wife and Decedent married on June 14, 1990. On April 17, 1991, State Mutual issued a whole life insurance policy to Decedent. Decedent was the insured and named Father as the sole beneficiary of the policy. The policy had an initial death benefit of $50,000.00, and the death benefit increased over the years.

During their marriage, Wife and Decedent had two children, born in 1996 and 1998. On December 9, 1998, Decedent attempted to change the beneficiary on the policy from Father to Wife by signing a policy service request and delivering it to the insurance agent who sold him the policy. The agent no longer represented State Mutual, but witnessed the request and faxed it to State Mutual's office in Rome, Georgia. Nineteen days after receiving the faxed request, State Mutual sent a letter to Decedent advising that an original signature on the original form was necessary to process his request to change the beneficiary. State Mutual never received a response to this letter, and Father remained the only named beneficiary on the policy.

The policy provided for an annual increase in the death benefit beginning the fifth year the policy was in effect. In addition, the policy also participated in company dividends; therefore, the death benefit would most likely exceed the $50,000.00 guaranteed benefit.

Wife and Decedent divorced in October 2006. The divorce decree incorporated a settlement agreement. Under the agreement, Wife was granted custody of the children, and Husband was to pay child support.

The agreement included two references to life insurance. The first reference was in Section VI, which covered medical insurance for the children, the children's uncovered medical expenses, and life insurance, and provided as follows:

3. **Life Insurance:** [Decedent] currently has life insurance in the amount of $50,000 on his life. [Decedent] shall continue such coverage naming [Wife] as beneficiary for the benefit of the minor children until such time as the youngest child reaches eighteen years of age, and shall continue to provide annual proof of said insurance to [Wife].

The second reference to life insurance in the agreement appeared in Section VII, which covered equitable division and provided as follows:

3. **Personal Property:** [Wife] shall have all right, title and interest in and to the Jet Skies [sic]. [Decedent] shall have all right, title and interest in and to the following personal property: boat and motor; guns, 4-wheeler (with trailer),

life insurance; lawn mower, and miscellaneous tools in back shed.

Decedent died on March 14, 2008. At the time of his death, the total cash value of the policy was $85,521.30.

Father filed a claim for the proceeds of the policy. Later, Wife filed a competing claim and sent State Mutual the divorce decree and the separation agreement executed by her and Decedent. Both Father and Wife sought payment of the entire policy proceeds.

In light of the competing demands for payment on the policy, State Mutual brought this action to interplead the funds. Father and Wife each filed responsive pleadings. Father also brought a cross-claim against Wife, claiming the entire proceeds of the policy. Likewise, Wife filed a cross-claim against Father seeking a constructive trust in her favor on the entire policy proceeds.

A bench trial in the matter took place, and the trial judge issued an order finding (1) State Mutual was entitled to interpleader status; (2) the facts and circumstances of the case, including the agreement incorporated into the divorce decree, gave rise to the constructive trust for Wife's benefit; (3) the agreement did not necessarily require a change in beneficiary; (4) the agreement only required Decedent to provide $50,000.00 in life insurance coverage until the younger child attained his majority and to name Wife the beneficiary for the minor children; (5) Wife was entitled to the face value of the policy of $50,000.00 plus interest from March 14, 2008; and (6) Father was entitled to the balance of the policy proceeds over the amount awarded to Wife.[1]

Wife moved to alter or amend the trial judge's order. After her motion was denied, she filed this appeal.

## ISSUES

I. Did the trial judge erroneously interpret the provision in the divorce decree under which Decedent was to maintain life insurance for the benefit of his minor children?

---

1. As of April 14, 2010, the date of the bench trial, the total cash value, including the guaranteed death benefit, had increased to $87,838.64.

II. Did equitable principles entitle Wife to be treated as the exclusive beneficiary of the policy?

**STANDARD OF REVIEW**

■■■ "The interpretation of [marital litigation] agreements is a matter of contract law." *Miles v. Miles*, 393 S.C. 111, 117, 711 S.E.2d 880, 883 (2011) (citing *Hardee v. Hardee*, 348 S.C. 84, 91–92, 558 S.E.2d 264, 267 (Ct.App.2001)). "When an agreement is clear on its face and unambiguous, 'the court's only function is to interpret its lawful meaning and the intent of the parties as found within the agreement.'" *Id.* (quoting *Smith–Cooper v. Cooper*, 344 S.C. 289, 295, 543 S.E.2d 271, 274 (Ct.App.2001)).

■■ An action to declare a constructive trust is an equitable matter, and an appellate court may find facts according to its own view of the evidence. *Lollis v. Lollis*, 291 S.C. 525, 530, 354 S.E.2d 559, 561 (1987). Nevertheless, this standard of review "does not require us to disregard the findings below." *Cherry v. Thomasson*, 276 S.C. 524, 525, 280 S.E.2d 541, 541 (1981).

**LAW/ANALYSIS**

I. Interpretation of the Separation Agreement

■■ The trial judge held the agreement required only that Decedent "provide Fifty Thousand and no/100 ... Dollars in life insurance coverage 'naming [Wife] as beneficiary for the benefit of the minor children until such time as the youngest child reaches eighteen (18) years of age.'" Wife takes issue with this interpretation, arguing the separation agreement and divorce decree identified the policy and required Decedent to "continue such coverage." We disagree with this argument.

*Taylor v. Taylor*, 291 S.C. 261, 263, 353 S.E.2d 156, 157 (Ct.App.1987) involved a requirement in a separation agreement and divorce decree that the decedent "maintain and keep in force" $90,000.00 "worth" of life insurance on his life with his son as beneficiary. This court held the requirement did not warrant the imposition of a trust on the entire proceeds of a life insurance policy on which the son was not a beneficiary even though that policy was in effect when the parties negotiated their agreement. *Id.* at 264, 353 S.E.2d at 158. Because,

however, the son was the named beneficiary on three other life insurance policies maintained by the decedent and had already received proceeds from those policies, this court affirmed the trial court's decision to impose a trust on the policy at issue, but only to the extent necessary to ensure the son received a total of $90,000.00 from all four policies, explaining: "The language only requires [the decedent] to maintain $90,000 'worth' of life insurance with [his son] as beneficiary. The agreement does not mention the Aetna policy or the group policy or any similar language tending to identify a particular policy." *Id.*

In the present case, the agreement mentions only that Decedent, at the time the agreement was executed, had life insurance, with the only description being the amount of coverage. There is no reference to the carrier, the policy number, or the fact that the policy was a whole life policy rather than a term life policy. Most significantly, the agreement includes no information about the increase in death benefits even though the total death benefit had reached $71,908.00 several months before the separation agreement was executed. Moreover, Wife testified that Decedent was obligated to disclose his financial condition when they negotiated their separation agreement. If, then, she intended to receive the entire proceeds of that particular policy, specific identifying information could have been included in the agreement.

Furthermore, there was no express requirement that Wife and children be the sole beneficiaries of the policy, and the divorce decree expressly granted Decedent ownership and control of his life insurance. His right to name the beneficiaries of his life insurance policy was subject only to the requirement that Wife, as beneficiary on behalf of their children, receive the first $50,000.00 of coverage in the event that he died before the younger child reached the age of majority. Once this requirement was fulfilled, there was no restriction in either the policy or the divorce decree preventing him from naming another beneficiary to receive the balance of the proceeds. *See Glover v. Inv. Life Co. of Am.*, 312 S.C. 126, 131, 439 S.E.2d 297, 299 (Ct.App.1993) (holding a party could agree to a requirement in a divorce decree that he purchase and maintain a life insurance policy on himself with his only

child as sole beneficiary and thus contract away any existing right to change the beneficiary).

We find instructive the case of *Sparks v. Jackson,* 289 Ga.App. 840, 658 S.E.2d 456 (2008). In *Sparks,* as part of a divorce settlement, the decedent agreed to "maintain his current level of life insurance on his life through his employment which at the present time [was] $220,000.00," with his first wife as the "irrevocable beneficiary for the benefit of the children." *Id.* at 458. Several years later, he designated his second wife as the beneficiary of the policy. After he died, the trial court awarded the entire proceeds of the policy to his first wife, and the second wife appealed. The Georgia Court of Appeals held the first wife "had a vested interest" in the decedent's life insurance policies by virtue of the settlement, but was "limited to the amount of insurance the [decedent] agreed to maintain at the time of the settlement agreement" and ordered that the insured's second wife receive the balance of the proceeds in excess of $220,000 plus applicable interest. *Id.* at 460. Similarly, the agreement in the present case required Decedent only to maintain a specified amount of coverage for a designated beneficiary. Proceeds not included in this specified amount were therefore properly awarded to Father, the only other named beneficiary on the policy.

## II.  Equitable Principles

■    Wife further argues she is entitled to a constructive trust on the entire proceeds of the policy because (1) if Decedent had done what he was supposed to do under the divorce decree, Wife would have been the sole beneficiary of the policy and (2) Decedent's prior unsuccessful attempt to have Wife named as beneficiary was evidence that he believed Wife would receive the entire proceeds and intended for her to do so. We disagree.

The separation agreement and divorce decree did not require Decedent to name Wife as the sole beneficiary of any particular life insurance policy. Furthermore, these documents expressly provided that Decedent would retain ownership of his life insurance. As the owner, Decedent had the right to designate his beneficiaries, subject only to the provision that Wife was to be a beneficiary of $50,000.00 worth of

coverage until his children attained their majority. Contrary to Wife's argument that Decedent's unsuccessful attempt in 1998 to make her the beneficiary of his life insurance policy evidenced his intent that she receive the entire proceeds if he predeceased her, Decedent's failure to contact State Mutual after it advised him in 1998 that an original signature was necessary to process his request for a change of beneficiary could just as easily support a finding that Decedent ultimately did not intend for Wife to become the sole beneficiary of his whole life insurance policy and wanted Father to receive any proceeds in which Wife did not have a vested interest. Under these circumstances, we hold Wife has not carried her burden to convince this court that the trial court erred in declining to hold the constructive trust imposed in her favor included the policy proceeds in excess of the face value plus any applicable interest. *See Cherry,* 276 S.C. at 525, 280 S.E.2d at 541 (stating that in an appeal of the grant of equitable relief the burden remains on the appellant to convince the appellate court that the findings of fact by the hearing tribunal are incorrect).

**AFFIRMED.**

WILLIAMS and LOCKEMY, JJ., concur.