**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Lynda Marie McKinnon, Respondent,

v.

Chris Charles Bray, Appellant.

Appellate Case No. 2016-001493

---

Appeal From Pickens County
Alvin D. Johnson, Family Court Judge

---

Unpublished Opinion No. 2019-UP-271
Heard November 6, 2018 – Filed July 24, 2019

---

**AFFIRMED**

---

Jeffrey A. Merriam and Travis Verne Olmert, both of Carter Smith Merriam Rogers & Traxler, PA, of Greenville, for Appellant.

Margaret A. Chamberlain, of Chamberlain Law Firm, LLC, and Jessica Ann Salvini, of Salvini & Bennett, LLC, both of Greenville, for Respondent.

---

**PER CURIAM:** Chris Bray (Husband) appeals the family court's order granting Lynda McKinnon's (Wife's) motion to reconsider and terminating Wife's alimony obligation pursuant to Rule 60(b), SCRCP. On appeal, Husband argues the family

court erred by granting Wife's motion to reconsider and terminating Wife's alimony obligation because (1) Wife's motion to reconsider was time barred, (2) Wife did not give Husband notice she sought relief under Rule 60(b), (3) the family court improperly considered parol evidence, (4) Wife's alimony obligation was the law of the case, (5) any mistake in the 2012 divorce decree was Wife's fault, (6) Wife did not prove by a preponderance of the evidence that the alimony order did not reflect the agreement between Husband and Wife, and (7) the 2012 divorce decree contained no clerical error.  We affirm.

## FACTS

Husband and Wife divorced in 2012 after almost twenty years of marriage.  Prior to the final hearing, Husband and Wife participated in settlement negotiations from January 9, 2012, to January 27, 2012.  Wife submitted a draft of the agreed upon terms to the family court.  The alimony provision read:

> Wife shall pay alimony directly to Husband in the amount of $1,500.00 per month commencing February 5, 2012.  Payments shall be due on the fifth of each month thereafter.  Should Wife ever fall ten (10) days or more behind in making any payment, Husband may, by affidavit, notify this court of Wife's late payments, and [Wife] thereafter will have to make all alimony payments directly through the Clerk's office of this [c]ourt with 5% collection costs added thereto.  The first eleven months of alimony are not tax deductible by Wife.  Alimony shall be terminable only by death of either party, the remarriage of Husband, or Husband's cohabitation . . . .

At the divorce hearing, Wife's counsel indicated the agreement was the result of "extensive negotiations" and "[b]oth [Wife] and opposing counsel . . . had a chance to review" it.  The family court asked Husband and Wife if they read the agreement and if it was correct, and they both answered affirmatively.  Both parties indicated they understood the agreement would be final if the family court approved it.  They stated their attorneys met with them and reviewed the agreement.  The family court granted the divorce and incorporated the above alimony provision into the final divorce decree.

Wife paid Husband $1,500 in alimony from the date of the order until January 2016.  When Wife stopped making payments, Husband filed a motion requesting

the family court to order Wife to pay alimony through the court pursuant to the divorce decree. The family court granted Husband's request. Wife filed a motion to reconsider pursuant to Rule 59, SCRCP. In her motion, Wife argued the final divorce decree contained a clerical error because the parties agreed that alimony would terminate after four years. Wife attached an affidavit from her attorney stating she submitted the wrong proposed order to the family court.

At the hearing on Wife's motion, she submitted the emails and letters outlining the settlement negotiations, and Husband objected. The emails and letters show Wife and Husband negotiated the amount of alimony Wife would pay to Husband and how long she would have to pay it. Three days before the hearing, Wife sent Husband a proposed final order of divorce which included a provision requiring Wife to pay Husband $1,500 per month in alimony for four years. Husband responded by including a provision stating the alimony would be tax free for eleven months. Wife included Husband's change and sent the new proposed order of divorce. Husband made handwritten changes but none to the alimony provision. Wife accepted Husband's changes and sent a new proposed order reflecting Wife would pay Husband $1,500 per month in alimony for four years which would be tax free for eleven months. The family court issued an order granting Wife's motion and terminating her alimony obligation. The court noted that, although Wife filed her motion pursuant to Rule 59, she "sought relief" from the divorce decree pursuant to Rule 60(b) at the hearing. The family court found that the agreement was not published to the court at the original divorce hearing, and therefore the parties did not know the document contained an error. The family court relied on Rule 60(b)(5) and held "it would not be equitable for Wife to be required to pay Husband permanent, periodic alimony." The court found Wife filed the motion as soon as she was aware of the mistake and the documents submitted at the hearing clearly showed the parties' agreement was for alimony to terminate after four years. Husband filed a motion to reconsider, and the family court denied it.

**STANDARD OF REVIEW**

Generally, "[i]n appeals from the family court, the appellate court has the authority to find the facts in accordance with its own view of the preponderance of the evidence." *Ex parte Morris*, 367 S.C. 56, 61, 624 S.E.2d 649, 652 (2006). However, in *Stoney v. Stoney*, our supreme court clarified that "the standard for reviewing a family court's evidentiary or procedural rulings [is] an abuse of discretion standard." 422 S.C. 593, 594–95 n.2, 813 S.E.2d 486, 487 n.2 (2018). The abuse of discretion standard applies to motions under Rule 60(b), SCRCP. *See*

*Ex Parte Carter*, 422 S.C. 623, 631, 813 S.E.2d 686, 690 (2018). "An abuse of discretion occurs when the judge issuing the order was controlled by an error of law or the order is based on factual conclusions that are without evidentiary support." *Gainey v. Gainey*, 382 S.C. 414, 423, 675 S.E.2d 792, 797 (Ct. App. 2009).

## RULE 60

Husband argues the family court erred in granting Wife's motion pursuant to Rule 60(b) because Wife's filed motion indicated she sought relief under Rule 59; therefore, Husband asserts he did not have notice that Wife was relying on Rule 60(b). We disagree.

"A motion to alter or amend the judgment shall be served not later than [ten] days after receipt of written notice of the entry of the order." Rule 59(e), SCRCP.

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding [if] the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.

Rule 60(b)(5). "The motion shall be made within a reasonable time . . . ." Rule 60(b).

Although Wife moved pursuant to Rule 59(e) to reconsider the order to pay through the court, Wife relied on Rule 60 reasoning at the hearing. At the hearing, Wife argued Rule 60(b) gave the family court two methods to grant Wife relief: the judgment was no longer equitable under Rule 60(b)(5) and Husband was committing a fraud upon the court under Rule 60(b)(3). The family court's order relied on Rule 60(b)(5) to grant Wife's motion and the only requirement for motions pursuant to that subsection is that they must be filed within a reasonable time. The family court found Wife's motion was within a reasonable time because she filed it as soon as she realized the divorce decree did not contain the four-year limitation. We find Husband had adequate notice that Wife relied on Rule 60(b) for her motion, and the family court did not abuse its discretion in finding Wife's Rule 60(b) motion was filed within a reasonable time. *See* Rule 7(b), SCRCP (indicating a motion can be made during a hearing).

## PAROL EVIDENCE

Husband argues the family court erred in considering his settlement negotiations with Wife because the agreement was unambiguous. He asserts the separation agreement is a contract, and the parol evidence rule prohibited the family court from considering the outside communications and intent of the parties. Husband also argues the family court erred in granting Wife's Rule 60(b) motion because the inaccuracy of the order was the fault of Wife and her counsel. Husband asserts the documents do not prove their agreement included a four-year-term of alimony. We disagree.

"In South Carolina, the construction of a separation agreement is a matter of contract law." *Nicholson v. Nicholson*, 378 S.C. 523, 532, 663 S.E.2d 74, 79 (Ct. App. 2008) (quoting *Davis v. Davis*, 372 S.C. 64, 75, 641 S.E.2d 446, 451 (Ct. App. 2006)). "When an agreement is clear on its face and unambiguous, the court's only function is to interpret its lawful meaning and the intent of the parties as found within the agreement." *Gaffney v. Gaffney*, 401 S.C. 216, 221–22, 736 S.E.2d 683, 686 (Ct. App. 2012) (quoting *State Mut. Ins. Co. v. Ard*, 399 S.C. 232, 237, 730 S.E.2d 912, 914 (Ct. App. 2012)). "Where an agreement has been merged into a court's decree, the decree, to the extent possible, should be construed to effect the intent of both the judge and the parties." *Nicholson*, 378 S.C. at 532, 663 S.E.2d at 79 (quoting *Messer v. Messer*, 359 S.C. 614, 628, 598 S.E.2d 310, 318 (Ct. App. 2004)). "A court approved divorce settlement must be viewed in accordance with principles of equity and there is implied in every such agreement a requirement of reasonableness." *Ebert v. Ebert*, 320 S.C. 331, 340, 465 S.E.2d 121, 126 (Ct. App. 1995).

We agree with Husband that the alimony provision in the final divorce decree was not ambiguous. It specifically outlined the amount of alimony Wife was required to pay each month, under what circumstances the alimony would terminate, and what would happen if Wife was late on any of the alimony payments. Changing the divorce decree to terminate Wife's alimony after four years is a direct contradiction of the terms of the agreement. However, we find the mutual mistake exception to the parol evidence rule applied to allow the family court to consider the settlement negotiations.

"A contract may be reformed on the ground of mistake when the mistake is mutual and consists [of] the omission or insertion of some material element affecting the subject matter or the terms and stipulations of the contract, inconsistent with those

of the parol agreement which necessarily preceded it." *Progressive Max Ins. Co. v. Floating Caps, Inc.*, 405 S.C. 35, 51, 747 S.E.2d 178, 186 (2013) (quoting *Crosby v. Protective Life Ins. Co.*, 293 S.C. 203, 206, 359 S.E.2d 298, 300 (Ct. App. 1987)). "A mistake is mutual where both parties intended a certain thing and by [a] *mistake in the drafting* did not obtain what was intended." *Id.* (emphasis added) (quoting *Crosby*, 293 S.C. at 206, 359 S.E.2d at 300). We find Wife's allegation of a mistake allowed the family court to consider the extrinsic evidence. Wife argues that she and Husband agreed to limit her alimony obligation to four years; however, due to a mistake, the final draft omitted the four-year limit. Wife contends she and Husband were not aware of the mistake in the draft because the family court did not read the order into the record at the hearing so they both assumed the draft was correct. In the alternative, Wife argued Husband saw the mistake and decided not to bring it to the court's attention because it benefited him and, therefore, he was committing fraud upon the court.

We find the settlement negotiations clearly show Wife and Husband agreed to limit alimony to four years and a mistake in drafting the agreement caused a fundamental change in what the parties intended. *See Hann v. Carolina Cas. Ins. Co.*, 252 S.C. 518, 527–28, 167 S.E.2d 420, 424 (1969) (explaining a mutual mistake means both parties intended one thing and did not get what they intended due to a mistake in drafting). We disagree with Husband's argument that the mistake was purely the fault of Wife and Wife's attorney. Even if Husband saw the mistake and chose not to say anything, it would be inequitable to allow him to benefit from the mistake and his silence. *See Nicholson*, 378 S.C. at 532, 663 S.E.2d at 79 ("A court approved divorce settlement must be viewed in accordance with principles of equity and there is implied in every such agreement a requirement of reasonableness." (quoting *Ebert*, 320 S.C. at 340, 465 S.E.2d at 126)); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011) ("The family court is a court of equity."). Furthermore, we note Husband did not present any evidence at the hearing to contradict Wife's evidence showing the divorce decree did not represent the parties' agreement. Thus, we find the family court did not abuse its discretion in relying on Rule 60(b)(5) to terminate Wife's alimony obligation. *See Ex Parte Carter*, 422 S.C. at 631, 813 S.E.2d at 690 (explaining the abuse of discretion standard applies in Rule 60(b) cases).[1]

---

[1] Husband also argues the family court erred in finding there was a clerical error in the divorce decree. Although the family court briefly cited the clerical error provision from Rule 60 in its order, the family court did not rely on this provision to grant Wife relief. Thus, we find this argument meritless.

Accordingly, the order of the family court is

**AFFIRMED.**

**LOCKEMY, C.J., and THOMAS and GEATHERS, JJ., concur.**